COBB, Judge.
HRS appeals from an order finding it in contempt of court for failing to place J.K. in an appropriate child care facility and failing to assume financial responsibility for such care. There was undisputed evidence presented below to the effect that Purchased Residential Treatment Services (PRTS) funding had been in a deficit situation for some time.
While we share the frustration of the trial court, we also recognize that the solution to these funding problems is legislative in nature, not judicial. We have held that it is not the judiciary’s role to revise legislative appropriations or to interfere with an agency’s discretionary budgetary decisions.[1] Department of Health and Re *329 habilitative Services v. V.L., 583 So.2d 765 (Fla. 5th DCA 1991), rev. denied, 591 So.2d 185 (Fla.1991), citing State, Dept. of Health and Rehabilitative Services v. Brooke, 573 So.2d 363 (Fla. 1st DCA 1991) with approval.
Accordingly, the order of contempt is hereby reversed.
REVERSED.
GRIFFIN, J., concurs.
GOSHORN, C.J., dissents without opinion.

. In addition, section 216.311, Florida Statutes (1991) forbids any state agency from willfully contracting to spend money in excess of the amount appropriated to such agency unless specifically authorized by law.